Trinette G. Kent (State Bar # 025180)
Lemberg & Associates, LLC.
11811 North Tatum Blvd.
Suite 3031
Phoenix, AZ 85028
tel. (855) 301-2100 ext. 5533
fax (203) 653-3424
tkent@lemberglaw.com

Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250

Attorneys for Plaintiff,
Joy Vanevenhoven

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joy Vanevenhoven,<br><br>            Plaintiff,<br><br>    vs.<br><br>Valentine & Kebartas, Inc.; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Joy Vanevenhoven, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Joy Vanevenhoven (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Valentine & Kebartas, Inc. (hereafter "Valentine"), is a company with an address of 15 Union Street, Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Valentine and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Valentine at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $11,000.00 (the "Debt") to Chase Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Valentine for collection, or Valentine was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Valentine Engages in Harassment and Abusive Tactics**

12. Within the last year, Valentine contacted Plaintiff in an attempt to collect the Debt.

3

13. Plaintiff initially spoke with Valentine in or around April of 2012.

14. Shortly thereafter, Plaintiff faxed Valentine a cease and desist letter.

15. After Valentine received Plaintiff's cease and desist letter, Valentine began to place calls to Plaintiff's friends and family members.

16. Furthermore, Valentine informed third party contacts that the communication was regarding a Debt that Plaintiff had allegedly incurred.

17. On or about July 17, 2012, Valentine placed a call to Plaintiff's cellular telephone, despite Plaintiff's cease and desist letter; Plaintiff's friend picked up the telephone call.

18. Valentine's supervisor, "Lisa," disclosed details of Plaintiff's Debt to Plaintiff's friend, who was not a co-debtor to the Debt.

19. Lisa then asked Plaintiff's friend what she was going to do with her Debt.

20. Plaintiff's friend responded that she was not the debtor, but Lisa continued to inform Plaintiff's friend of details regarding Plaintiff's Debt.

21. Plaintiff then took the phone from her friend and disconnected the call.

22. Thereafter, Plaintiff called Valentine on more than one occasion and requested to speak with a supervisor other than Lisa. Before transferring Plaintiff to a supervisor, Valentine would laugh at Plaintiff.

23. Valentine told Plaintiff that it did not matter if she filed a lawsuit against it because the legal fine was less than the Debt.

4

24. Furthermore, Valentine failed to send Plaintiff any written correspondence informing Plaintiff of her rights under Federal law, including her right to dispute the Debt.

**C.     Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants contacted third parties for purposes other than to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

30. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

31. The Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

32. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

33. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

34. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

6

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

39. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

40. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff and Plaintiff's friends and family with calls.

41. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

42. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

43. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

44. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

# **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341;

G. For Plaintiff's reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 4, 2013                    LEMBERG & ASSOCIATES, LLC


                                           By:  /s/  *Trinette G. Kent*
                                           Trinette G. Kent

                                           Attorney for Plaintiff
                                           Joy Vanevenhoven